IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUTH RICHTER,<br><br>      Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>      Defendant. | 8:13CV212<br><br>**FINDINGS AND RECOMMENDATION** |

  This matter is before the court on the Motion to Transfer (Filing No. 13) and Motion to Strike Filing Notice of Filing Notice of Removal (Filing No. 14) filed by the plaintiff, Ruth Richter, who is proceeding *pro se*. The defendant filed a brief in opposition (Filing No. 17) to the plaintiff's motions. The plaintiff filed a brief (Filing No. 18) in reply.

**BACKGROUND**

  On June 24, 2013, the plaintiff filed a claim against the defendant in Small Claims Court in Douglas County, Nebraska. **See** Filing No. 1-1. The plaintiff makes the following allegations:

  1. On October 24, 2011, the "Defendant failed to give Flybe signature to [plaintiff]";

  2. On October 26, 2011, the "Defendant begun [sic] an 'inquiry' which ended 1-9-12 - inquiry was uneeded [sic], Defendant had 'inquiry' in their system and withholds it and denied an inquiry took place";

  3. In February 2013 and May 2013, the defendant "discriminated against [the plaintiff] by singlily [sic] delaying her mail and refusing to deliver her mail"; and

  4. On May 30, 2013, the defendant "violated DMM-508:3.1.3. FTCA."[1]

*Id.*

  On July 11, 2013, the defendant removed the action to the United States District Court for the District of Nebraska. **See** Filing No. 1. The defendant removed the action

---

[1] The defendant explains DMM-508:3.1.3 references the Domestic Mail Manual. **See** Filing No. 1.

under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1346(b)(1). *Id.* The defendant also contends, to the extent the plaintiff's complaint is an action against the United States Postal Service for mail delivery services, removal is proper under 39 U.S.C. § 409(a). *Id.*

On July 16, 2013, the plaintiff filed a motion to transfer. **See** [Filing No. 13](). On July 17, 2013, the plaintiff filed a motion to strike the notice of removal. **See** [Filing No. 14](). In light of the plaintiff's *pro se* status, the court will liberally construe the plaintiff's motions as motions to remand the case back to state court. For the reasons set forth below, the undersigned magistrate judge recommends the plaintiff's Motion to Transfer and Motion to Strike Filing Notice of Filing Notice of Removal be denied.[2]

## ANALYSIS

### A. Motion to Transfer

The court must look to a federal statute to determine if an action was properly removed to federal court. The federal statute governing removal provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district

---

[2] The court is entering this Findings and Recommendation in this matter in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand. **Compare Vogel v. U.S. Office Prods. Co.**, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts"), **Williams v. Beemiller, Inc.**, 527 F.3d 259 (2d Cir. 2008), **Stefanik v. City of Holyoke**, 597 F. Supp. 2d 184, 185 (D. Mass. 2009), and **Johnson v. Tyson Fresh Meats, Inc.**, No. C-06-1002, 2006 WL 1004970, at *1 (N.D. Iowa Apr. 17, 2006), **with White v. State Farm Mut. Auto. Ins. Co.**, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In **Vogel**, the court concluded:

> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion. Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

**Vogel**, 258 F.3d at 517. **Accord First Union Mortgage Corp. v. Smith**, 229 F.3d 992 (10th Cir. 2000); In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir. 1998); **see also Meier v. Premier Wine & Spirits, Inc.**, 371 F. Supp. 2d 239, 241-42 (E.D. N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A). On the other hand, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases). The undersigned magistrate judge concludes a recommendation is the most appropriate course of action in this matter.

> court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The defendant removed this action pursuant to 28 U.S.C. § 1346(b)(1) and 39 U.S.C. § 409(a). "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction; all doubts about federal jurisdiction must be resolved in favor of remand[.]" ***Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.***, 561 F.3d 904, 912 (8th Cir. 2009) (internal citations omitted).

> Under 28 U.S.C. § 1346(b)(1), titled "United States as defendant",
>
>> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]

28 U.S.C. § 1346(b)(1); **see also** ***Levin v. United States***, 133 S. Ct. 1224, 1228 (2013). "[W]hile 'the extent of the United States'[s] liability under the FTCA is generally determined by reference to state law,' the adjudicatory capacity over such claims is strictly limited to the various federal district courts." ***Mader v. United States***, 654 F.3d 794, 797 (8th Cir. 2011) (**quoting** ***Molzof v. United States***, 502 U.S. 301, 304, (1992)) (alterations in original).

> Under 39 U.S.C. § 409(a), titled "Suits by and against the Postal Service",
>
>> [T]he United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service. Any action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28.

39 U.S.C. § 409(a). "It is hard to see how any question could be raised about the meaning of these words. They are a clear and unequivocal grant of jurisdiction to the district courts." ***Cont'l Cablevision of St. Paul, Inc. v. U.S. Postal Serv.***, 945 F.2d 1434, 1437 (8th Cir. 1991).

The plaintiff argues the court lacks subject matter jurisdiction and this court should transfer or remand the action to state court. See Filing No. 13. The defendant reiterates this court has original jurisdiction of this action under 28 U.S.C. § 1346(b)(1) and 39 U.S.C. § 409(a). See Filing No. 17 - Response p. 2-5.

The plaintiff's complaint includes allegations that the defendant failed to provide the plaintiff with a signature from a mail recipient named "Flybe" and discriminated against the plaintiff by delaying or refusing to deliver her mail on two occasions in violation of the FTCA. **See** Filing No. 1-1. 39 U.S.C. § 409(a) provides a valid basis for removal because the United States Postal Service is named as the defendant. Additionally, 28 U.S.C. § 1346(b)(1) provides a basis for removal because the plaintiff expressly lists the FTCA as a basis for her suit and, after liberally construing the plaintiff's complaint, the plaintiff's allegations against the United States Postal Service are based in tort. Therefore, this court has subject matter jurisdiction and removal is appropriate.

**B.    Motion to Strike**

The plaintiff's Motion to Strike Filing Notice of Filing Notice of Removal is another attempt to remand this case to state court. **See** Filing No. 14. The plaintiff argues the notice of removal should be stricken because there is no Douglas County Court seal on Notice of Removal. *Id.*; **see also** Filing No. 18 - Reply. The defendant argues it property filed copies of the plaintiff's state court complaint with this court with the Notice of Removal. **See** Filing No. 17 - Response p. 5-6. Under 28 U.S.C. § 1446(a), titled "Procedure for removal of civil actions",

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and ***containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action***.

28 U.S.C. § 1446(a) (emphasis added). After reviewing the Notice of Removal and attached documents, it appears the defendant complied with the requirements set forth in 28 U.S.C. § 1446(a).

To the extent the plaintiff filed the motion to strike under Federal Rule of Civil Procedure 12(f), which provides a mechanism for the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter," **see** Fed. R. Civ. P. 12(f), the court finds no basis to strike the Notice of Removal. **See** ***Stanbury Law Firm v.***

4

*IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) ("Despite [the court's] broad discretion [in deciding whether to strike a party's pleadings], striking a party's pleadings is an extreme measure, and, as a result, we have previously held that [m]otions to strike under [Fed. R. Civ. P. 12(f)] are viewed with disfavor and are infrequently granted.") (internal quotation omitted)); **see also** *Lunford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (stating a motion to strike is denied if the content sought to be stricken "is sufficient as a matter of law"). The defendant properly removed this action to federal court. Accordingly,

### IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:

The plaintiff's Motion to Transfer (Filing No. 13) and Motion to Strike Filing Notice of Filing Notice of Removal (Filing No. 14) be denied.

### ADMONITION

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 16th day of August, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge