## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RUTH RICHTER,** | |
| Plaintiff, | **8:13CV212** |
| vs. | |
| **UNITED STATES POSTAL SERVICE,** | **ORDER** |
| Defendant. | |

This matter is before the court on the Motion to Compel (Filing No. 33) filed by the plaintiff, Ruth Richter, who is proceeding *pro se*. The plaintiff filed an index of evidence (Filing No. 35) in support of the motion. The defendant filed a brief (Filing No. 36) in opposition to the plaintiff's motion. The plaintiff filed a brief (Filing No. 37) and an index of evidence (Filing No. 38) in reply.

### BACKGROUND

On June 24, 2013, the plaintiff filed a claim against the defendant in Small Claims Court in Douglas County, Nebraska. See Filing No. 1-1. The plaintiff makes the following allegations:

1. On October 24, 2011, the "Defendant failed to give Flybe signature to [plaintiff]";

2. On October 26, 2011, the "Defendant begun [sic] an 'inquiry' which ended 1-9-12 - inquiry was uneeded [sic], Defendant had 'inquiry' in their system and withholds it and denied an inquiry took place";

3. In February 2013 and May 2013, the defendant "discriminated against [the plaintiff] by singlily [sic] delaying her mail and refusing to deliver her mail"; and

4. On May 30, 2013, the defendant "violated DMM-508:3.1.3. FTCA."[1]

*Id.*

On July 11, 2013, the defendant removed the action to the United States District Court for the District of Nebraska. See Filing No. 1. The defendant removed the action

---

[1] The defendant explains DMM-508:3.1.3 references the Domestic Mail Manual. See Filing No. 1.

under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1346(b)(1), granting original jurisdiction to the federal courts to claims seeking money damages against the United States for injury or loss of property.  *Id.*  The defendant also contends, to the extent the plaintiff's complaint is an action against the United States Postal Service for mail delivery services, removal is proper under 39 U.S.C. § 409(a).  *Id.*  The plaintiff filed a motion to transfer or remand the action back to state court.  See Filing Nos. 13 and 14.  The defendant opposed the motion, and on August 16, 2013, the undersigned magistrate judge entered a Findings and Recommendation to the presiding district judge to deny the plaintiff's motion to transfer or remand.  See Filing Nos. 17 and 19.  The defendant has not yet filed an answer to the complaint, but on August 19, 2013, the defendant filed a motion to dismiss based on lack of subject matter jurisdiction and failure of the complaint to state a claim for relief against the defendant.  See Filing No. 25.  The plaintiff opposes the motion to dismiss, which will be resolved by the presiding district judge in due course.

On September 18, 2013, the plaintiff filed the instant motion to compel.  See Filing No. 33.  The plaintiff seeks evidence from the defendant's computer filing system or other source providing proof "that what the defendant labeled an inquiry took place on October 26, 2011 - January 9, 2012."  *Id.*  The plaintiff contends the inquiry information is relevant to the jurisdictional issues raised in the defendant's motion to dismiss.  See Filing No. 37 - Reply p. 2-4.  The defendant argues discovery is premature until, if at all, after the court resolves the defendant's motion to dismiss.  See Filing No. 36 - Brief p. 3.  The defendant denies discovery regarding the inquiry is not material to whether the court has jurisdiction over this case.  *Id.*

### ANALYSIS

The Federal Rules of Civil Procedure Rule 26(a):

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Fed. R. Civ. P. 26(d)(1).  This case is not exempted from initial disclosure under the rule. Fed. R. Civ. P. 26(a)(1)(B).  For the Rule 26(f) conference "the parties must confer

as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). Typically in this district, the magistrate judge sets a deadline for the parties to confer and file their planning conference report. In the alternative, the court may enter an order setting the case schedule and authorizing discovery without the parties filing a planning report. In any event, the court is unlikely to authorize the commencement of discovery until after dispositive motions, such as the defendant's motion to dismiss (Filing No. 25), are resolved unless the discovery is necessary for resolution of the motion.

Under the circumstances of this case, discovery is not necessary for resolution of the motion to dismiss. The plaintiff argues evidence related to the "inquiry" is evidence of her exhaustion of remedies. The plaintiff's argument fails for two reasons. First, whether or not the plaintiff initiated, and the defendant conducted, an inquiry about the plaintiff's Flybe signature does not constitute evidence of administrative exhaustion. Pursuant to the Federal Tort Claims Act: "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Second, the plaintiff's response to the defendant's motion to dismiss contains evidence and argument explaining the procedures the plaintiff went through and the circumstances surrounding the "inquiry." Accordingly, for purposes of the defendant's motion to dismiss the discovery sought by the plaintiff would be redundant and/or immaterial. If the court resolves the defendant's motion to dismiss the plaintiff's Flybe signature claim in favor of the plaintiff and the court authorizes discovery in this matter, the plaintiff may serve the defendant with a request for production of documents pursuant to Federal Rule of Civil Procedure 34. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Compel (Filing No. 33) is denied, without prejudice to reassertion after the court authorizes the parties to initiate discovery.

Dated this 25th day of October, 2013.

                                             BY THE COURT:
                                             s/ Thomas D. Thalken
                                             United States Magistrate Judge