IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUTH RICHTER,<br><br>                      Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>                      Defendant. | 8:13CV212<br><br>MEMORANDUM AND ORDER |

This matter is before the court on plaintiff's motion to transfer, Filing No. 13; motion to strike, Filing No. 14; findings and recommendation ("F&R") of the magistrate judge, Filing No. 19, denying the motion to transfer and the motion to strike; objection, Filing No. 28, to the F&R; motion to dismiss, Filing No. 25, filed by the defendant; and plaintiff's objection Filing No. 40, to the magistrate judge's order (Filing No. 39) denying plaintiff's motion to compel. The plaintiff is pro se, and under those circumstances, the court will liberally construe the pleadings.

## BACKGROUND

Plaintiff brought this case in Douglas County District Court in Nebraska alleging discrimination by the plaintiff for delaying her mail and refusing to deliver the mail to her and similar claims under the Federal Tort Claims Act ("FTCA"). Thereafter, the defendant removed to federal court pursuant to 28 U.S.C. § 1441(a) and § 1346(b)(1) and 39 U.S.C. § 409(a). Filing No. 1.

On February 1, 2012, plaintiff filed case number one in Douglas County Small Claims Court, which was removed to Federal District Court, 8:12CV82, *Richter v. United States Postal Service*, Filing No. 1, which became known as "Richter I." Plaintiff

claimed that her mail was not sent to Flybe Limited Trading in Great Britain, but defendant stated it was delivered in a timely manner. Richter I, Filing No. 9-2. On March 30, 2012, defendant filed a motion to dismiss Richter I, which this court granted on June 18, 2012. The dismissal was without prejudice because the court lacked subject matter jurisdiction, as the plaintiff failed to exhaust under the FTCA. Richter I, Filing No. 23 and Filing No. 24. Plaintiff was offered an opportunity to file her claim out of time, but she did not do so.

Instead, on November 27, 2012, she filed a second case against the defendant in Douglas County Small Claims Court, now known as "Richter II." The United States removed this case to Federal District Court and is the case 8:12CV428. Plaintiff claimed in Richter II that the defendant discriminated against her based on her disability, breached a contract regarding an insurance claim, and was negligent towards plaintiff. On January 15, 2013, defendant filed a motion to dismiss. In the interim plaintiff had complaints about packages not being delivered, carriers on her lawn and other complaints. The court held a hearing on these issues and plaintiff failed to appear. On June 12, 2013, the court granted the motion to dismiss and Richter II was dismissed without prejudice for lack of subject matter jurisdiction and failure to exhaust. Richter II, Filing No. 39 and Filing No. 40.

The plaintiff has now filed her third complaint, "Richter III," against the defendant in Douglas County Small Claims Court, which the defendant removed to this court. Her complaint alleges:

> Starting 10-24-11, ongoing Elmwood Station – on 10-24-11 Defendant failed to give Flybe signature to Pl. (SC-11-1071), on 10-26-11 Defendant begun an "inquiry" which ended 1-9-12 – inquiry was uneeded, Defendant had "inquiry " in their system and withholds it and denies an inquiry took

place – defendant in 2-13 and 5-13 discriminated against Pl. by singlrly [sic] delaying her mail and refusing to deliver her mail. Defendant on 5-30-13 violated DMM-508:3:1.3. FTCA.

Filing No. 1. The plaintiff once again did not file an administrative claim with the United States Postal Service ("USPS").

## DISCUSSION

**1. Motion to Transfer or Remand, Motion to Strike, F&R of the Magistrate Judge, Objections, Filing Nos. 13, 14, 19 and 28**

They magistrate judge reviewed the motion to transfer and determined that with regard to that motion, jurisdiction under these statutes exists in this court, as the USPS is a named defendant and because the Federal Tort Claims Act is listed as a basis for the lawsuit. The court agrees with the analysis of the magistrate judge and finds the motion to transfer or remand is denied and removal is appropriate.

The magistrate judge next reviewed the motion to strike wherein the plaintiff alleges the removal should be stricken as there exists no Douglas County Court seal on the Notice of Removal. The magistrate judge concluded that the defendant complied with all of the removal requirements set forth in 28 U.S.C. § 1446(a). The court agrees with the magistrate judge and finds the defendant properly removed this action to federal court. Further, the court has reviewed the objections, Filing No. 28, filed by the plaintiff and finds they are without merit.

**2. Motion to Dismiss, Filing No. 25**

**a. Subject Matter Jurisdiction**

Defendant moves to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) and (6). With regard to the 12(b)(1) motion, defendant argues there is no waiver of sovereign immunity for plaintiff's claims against USPS. Further, argues defendant,

3

plaintiff failed to exhaust her administrative remedies under the Federal Tort Claims Act. With regard to the 12(b)(6) claims, defendant argues plaintiff's claims are barred by the doctrine of collateral estoppel and further because the complaint fails to meet the pleading requirements of Fed. R. Civ. P. 8.

Under the Federal Rules of Civil Procedure, a party may assert the lack of subject matter jurisdiction as a defense to a claim. Fed. R. Civ. P. 12(b)(1). "Because jurisdiction is a threshold issue for the court, the district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993) (quoting Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990)). "A district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1)." Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 637, n. 4 (8th Cir. 2003) (quoting Osborn, 918 F.2d at 728 n.4). For the court to dismiss for lack of subject matter jurisdiction under 12(b)(1), "the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction would be presumed true and the motion could succeed only if the plaintiff had failed to allege an element necessary for subject matter jurisdiction." Id. In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. Id. In a factual challenge, this court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn, 918 F.2d at 730. "No presumptive truthfulness

attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims." *Id.* The plaintiff has the burden of proving that jurisdiction does in fact exist. *Id.*

With regard to the allegation of lack of subject matter jurisdiction, the defendant argues it has not waived its sovereign immunity under the FTCA for postal matters. Again, defendant also argues that plaintiff has once again failed to exhaust her administrative remedies. Thus, defendant contends this court has no jurisdiction, as the doctrine of collateral estoppel applies.

The court agrees on all counts with the defendant. First, there is no waiver of sovereign immunity, and a lack of a waiver deprives this court of subject matter jurisdiction. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The Eighth Circuit has stated that the United States Postal Service is "an independent establishment of the executive branch of the Government of the United States," with "significant governmental powers"; therefore, defendant "enjoys federal sovereign immunity absent a waiver." *Najbar v. United States,* 649 F.3d 868, 870 (8th Cir. 2011)). Further, this court dismissed both Richter I and Richter II on the basis of sovereign immunity. Richter II, Filing No. 39, at 6-7. For the same reasons, the court finds there has been no waiver of sovereign immunity and the court lacks subject matter jurisdiction.

The court further finds that again the plaintiff has failed to exhaust her administrative remedies under either the FTCA or the International Mail Manual. *See* 28 U.S.C. § 2675(a). There is no evidence that plaintiff ever filed a claim with the defendant, even though defendant gave her an opportunity to file an out-of-time claim

5

which plaintiff did not do. Again, as in Richter I and Richter II, the court finds plaintiff failed to pursue her administrative claims.

### b. Failure to State a Claim

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id*. at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 678-79. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id*. at 679. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id*. Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*.

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679.

7

The court agrees with the defendant that the plaintiff has failed to state a claim for relief, as the doctrine of collateral estoppel applies to this case.  The court previously decided these same claims in Richter I and Richter II.  Plaintiff cannot attempt to re-litigate these same issues in this case.  "Collateral estoppel can bar re-litigation of an issue even if the first court's eventual decision is that it lacks jurisdiction to reach the merits." *Dodson v. University of Ark. for Med. Sciences*, 601 F.3d 750, 762 (8th Cir. 2010).  The factual claims are essentially the same in all three complaints, and the court previously dismissed Richter I and Richter II for the same reasons.  Accordingly, the court finds that collateral estoppel applies to this case.

The court also finds that plaintiff's claims as pled show no grounds for relief pursuant to Fed. R. Civ. P. 8, even when the court construes the allegations very liberally in favor of this pro se plaintiff.  *See Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002).  There are no facts that would show a loss of specific property, a valid claim of discrimination, or facts to support negligence and breach of duty.

For the reasons set forth herein, the court finds this case should be dismissed.

THEREFORE, IT IS ORDERED:

1. Plaintiff's motion to transfer or remand, Filing No. 13, is denied.

2. Plaintiff's motion to strike, Filing No. 14, is denied.

3. The magistrate judge's F&R, Filing No. 19, is adopted in its entirety.

4. Plaintiff's objections, Filing No. 28, to the F&R are overruled.

5. Defendant's motion to dismiss, Filing No. 25, is granted.

6. The plaintiff's objection, Filing No. 40, to the magistrate judge's order, Filing No. 39, regarding plaintiff's motion to compel, is denied as moot.

7. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 14th day of November, 2013.

                              BY THE COURT:

                              s/ Joseph F. Bataillon
                              United States District Judge